IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| DONALD RAYE THOMAS, SR, *et al* | § | CASE NO: 03-43814 |
|     Debtor(s) | § | |
| | § | CHAPTER 13 |
| | § | |
| DONALD RAYE THOMAS, SR, *et al* | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 06-3355 |
| | § | |
| DANIEL E O'CONNELL, *et al* | § | |
|     Defendant(s) | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING
ADVERSARY PROCEEDING AND DENYING CONFIRMATION**

The Plaintiffs, Donald Raye Thomas, Sr., and Pamela Jean Pipkins-Thomas ("Plaintiffs" or "Debtors"), do not have statutory standing under the Bankruptcy Code to seek avoidance of a transfer under 11 U.S.C. § 549. Consequently, the Court dismisses this adversary proceeding.

The Debtors' plan (doc. no. 150) was not proposed in good faith. Accordingly, confirmation is denied.

Trustee's motion to dismiss Debtors' main bankruptcy case (doc. no. 139) is continued until October 6, 2006 at 3:30 p.m.

**Background**

Plaintiffs filed a joint petition for bankruptcy under chapter 13 on October 1, 2003. On December 16, 2004, Plaintiffs filed a chapter 13 plan. That plan was confirmed on January 13, 2004. On February 13, 2006, Judge Steen signed an Order Vacating Confirmation of Chapter 13 Plan and Imposing Sanctions under Rule 9011. Before February 13, 2006, Plaintiffs paid approximately $38,000 to the chapter 13 trustee.

1

The order confirming the original plan was vacated after Judge Steen determined that it had been obtained by a fraud on the Court. The Debtors appealed Judge Steen's order. The order was affirmed on appeal by the District Court. The District Court explicitly found that the Debtors' attorney had perpetrated a fraud in this case.

In light of this fraud that was committed on the Debtors' behalf, the Court is perplexed that the Debtors now seek to obtain confirmation of a plan and relief in an adversary proceeding that would allow the Debtors to benefit from the fraud.

On April 21, 2006, Plaintiffs initiated this adversary proceeding by filing a "Complaint for Finding of Avoided Transfers and Disgorgement of Funds Paid under Vacated Order Confirming Chapter 13 Plan." In that complaint, Plaintiffs allege that 11 U.S.C. § 549(a) provides authority by which various transfers made by the Trustee in favor of creditors may be avoided.

In this case, Defendants did not originally raise the issue of standing. However, this Court considers the issue of standing on its own motion. *National Solid Waste Mgmt. Ass'n v. Pine Belt*, 389 F.3d 491, 498 (5th Cir. 2004). At the June 12, 2006 hearing, the Court raised the issue of whether the Debtors have standing to bring an action under 11 U.S.C. § 549. The parties were granted time to brief the issue. All parties submitted timely briefs.

After considering the briefs, the Court held oral arguments on July 19, 2006. At that hearing, it came to the Court's attention that an issue in the main bankruptcy case was being appealed. Noting that the disposition of that issue could render this Court's decision moot, this matter was abated pending the outcome of the appeal. The appeal was denied, and on August 16, 2006, this Court terminated the abatement in this case. A trial in this adversary was held on September 5, 2006. A hearing on confirmation was held on the same day.

**Plaintiffs' Lack of Standing**

In order to bring a suit under the Bankruptcy Code, the Fifth Circuit requires that a plaintiff have standing under the Constitution as well as certain prudential concepts that have developed to limit constitutional standing. *City of Farmers Branch v. Pointer (In re Pointer)*, 952 F.2d 82, 85 (5th Cir. 1992). A party must also have statutory standing under the Bankruptcy Code. *Id.* In this case, the Court finds that the Plaintiffs lack the necessary statutory standing to bring a claim under 11 U.S.C. § 549.

Section 549 reads, in relevant part:

(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—
    (1) that occurs after the commencement of the case; and
    (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or
       (B) that is not authorized under this title or by the court.

The Supreme Court has held that "[t]he plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *U.S. v. Ron Pair,* 489 U.S. 235, 242 (1989) (citing *Griffin v. Oceanic Contractors, Inc.* 458 U.S. 564, 571 (1982) (internal quotation marks omitted)).

In *Hartford Underwriters v. Union Planters Bank,* 530 U.S. 1, 6 (2000), the Supreme Court, in determining who may seek relief under 11 U.S.C. § 506(c) noted that "the statute appears quite plain in specifying who may use § 506(c)—'[t]he trustee.'" *Hartford*, 530 U.S. at 6. The Court then went on to declare that the proper inference to make is that the "trustee is the only party empowered to invoke the provision." *Id.* In a footnote the Court also noted that a chapter 11 debtor-in-possession may use the section because it is explicitly granted that right under 11 U.S.C. § 1107.

Like § 506(c), § 549 states that it is the "trustee" who may avoid particular transfers of estate property. The Fifth Circuit has held that this use of the term "trustee" is exclusive, and applies only to a trustee or to a chapter 11 debtor-in-possession. *In re Paxton*, 440 F.3d 233 (5th Cir. 2006); *City of Farmers Branch v. Pointer (In re Pointer)*, 952 F.2d 82, 88 (5th Cir. 1992); *In re Natchez Corp. of West Virginia*, 953 F.2d 184, 187 (5th Cir. 1992). Other courts agree. *Ryker v. Current (In re Ryker),* 315 B.R. 664, 667 (Bankr. D. N.J. 2004)("a Chapter 13 debtor does not have standing to independently assert the trustee avoidance powers."); *Delgado Oil Co., Inc. v. Torres,* 785 F.2d 857, 860 (10th Cir.1986) (only a trustee can maintain post-bankruptcy action to avoid preference); *In re Bacher,* 47 B.R. 825, 829 (Bankr.E.D.Pa.1985) (only trustee has standing to utilize § 548, not creditor); *In re Ciavarella*, 28 B.R. 823, 825 (Bankr. S.D.N.Y. 1983).

Debtors make two arguments in response to the Fifth Circuit's narrow interpretation of § 549 standing. First, Debtors argue that the restricted standing under § 549 is not at issue because § 522(h) provides a statutory basis for standing in this type of situation. Second, Debtors argue that if § 522(h) does not apply, there are applicable judicial exceptions to traditional § 549 standing.

Section 522(h) provides:

> The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
> (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
> (2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h). Section 522(h) creates a narrow exception that allows chapter 13 debtors to sue for § 549 recoveries with respect to exempt property transfers. *In re Hamilton*, 125 F.3d 292, 297 (5th Cir. 1997).

In order for a debtor to avoid a transfer under § 549 via § 522(h), that debtor must show that the property transferred was exempt and that the trustee did not attempt to avoid the transfer. 11 U.S.C. § 522(h).

In this case, Debtors amended their exemptions on June 21, 2006. Among the amendments made at that time was the exemption of $300.00 in a personal checking account at Woodforest Bank. Debtors maintain that a portion of these exempt funds was used to pay the Trustee, and that these exempt funds were subsequently transferred by the Trustee to the Defendants. Trustee failed to seek the avoidance of these transfers and Debtors argue that this is sufficient basis for standing under § 522(h).

Debtors filed their bankruptcy petition on October 1, 2003. However, Debtors did not make their first payment to the Trustee until November 13, 2003. Mr. Thomas and Ms. Thomas are each paid twice a month by direct deposit into the Woodforest personal checking account. Post-petition, Debtors used sums from the Woodforest account for purposes other than payment to the Trustee. (Testimony of Donald Thomas). Thus between the time of filing the petition and the time that the first payment was made to the Trustee, various sums were deposited into the Debtors' checking account and various sums were withdrawn from the Debtors' checking account. The Debtors failed to prove that the $300.00 claimed as exempt on his June 21, 2006 Schedule C was actually used to pay the Trustee.

Because the Debtors have failed to show that any exempt funds were paid to the chapter 13 trustee, the Debtors are unable to establish that they have the right to assert a § 549 cause of

action.  The Debtors have standing only if they establish rights under § 522(h).  Consequently, the use of § 522(h) as a basis for standing in this adversary fails.

Debtors' second argument is that judicially created exceptions allow a debtor to bring suit under § 549 in order that equity may be served.  For this proposition, Debtors rely primarily on *In re Cohen*, 305 B.R. 886 (9th Cir. BAP 2004).  In discussing *Cohen*, Debtors' brief states that "the debtor must be able to act when the trustee does not.  To deny the debtor standing would be unjust and inequitable, even if there is unease in some parts that the debtor might abuse such power." (Debtors' Brief, p. 8).  Debtors then cite *Cohen* for the idea that "mischief from the debtor['s] exercise of avoiding powers is eliminated by the provisions limiting a debtor's ability to use property of the estate without permission from the court."  *Cohen*, 305 B.R. at 886.

This Court is not bound by *Cohen*, and expresses no opinion as to the validity of the reasoning presented in *Cohen*.  The Court does note that when courts such as *Cohen* read the bankruptcy statute to allow a debtor certain powers typically reserved for the trustee, such courts have done so in the pursuit of justice and equity.

In this case, equity would not be served by allowing Debtors standing under § 549.  For approximately two years under the plan, Debtors drove Defendants' two vehicles.  Debtors put approximately 50,000 miles on the Ford vehicle.  There is no evidence regarding the miles driven in the Mitsubishi, but the vehicle was used often for travel to and from Sam Houston State University, approximately a one hour trip each way.  Now, Debtors seek to avoid the payments made to the Defendants under the plan.  Granting avoidance would essentially result in free use of the two depreciating vehicles.  Even more unbelievable, the very opportunity for Debtors to suggest that the payments made to Defendants should be avoided arises from Debtors' own wrongdoing.  Debtors' attorney "intentionally defrauded the Bankruptcy Court." *In re Thomas*,

No. 4:06-CV-00613 at 6 (S.D. Tex. Aug. 15, 2006).  Based on that fraud, Bankruptcy Judge Steen vacated Debtors' original plan.  It is based on the fact that Debtors' plan was vacated that Debtors now seek to have payments under that plan avoided.  Debtors seeks to benefit from their own wrongdoing, and the alleged justification for such an outcome is that equity will be served.  The Court rejects this nonsensical argument.

## Plan Confirmation

As discussed above, this plan has not been proposed in good faith.  Debtors continue to engage in inappropriate gamesmanship.  This time such gamesmanship consists of amending exemptions in an attempt to qualify for § 522(h) standing so that Debtors can avoid certain transfers and profit at the expense of their creditors.  Debtors' plan attempts to put the burden of the fraud on the creditors.  The Court does not believe that a plan that allows debtors to benefit from their counsel's fraud (while requiring the creditors to bear the price of the fraud) qualifies as having been "proposed in good faith and not by any means forbidden by law" under 11 U.S.C. § 1325(a)(3).  Indeed, the plan was proposed in bad faith.  Consequently, confirmation is denied.

The Trustee's motion to dismiss the bankruptcy case is continued until October 6, 2006.  Accordingly, Debtors' motion for § 1326(a)(2) rights is denied as premature.  During the 30 days before the Court reconsiders Trustee's motion to dismiss, Debtors may file an amended plan.  Signed at Houston, Texas, on September 12, 2006.

MARVIN ISGUR
United States Bankruptcy Judge